Filed 3/15/23  P. v. Jimenez CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>OSCAR JOE JIMENEZ,<br><br>    Defendant and Appellant. | F084237<br><br>(Super. Ct. No. F21908086)<br><br><br>**OPINION** |

-ooOoo-

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Heather Mardel Jones, Judge.

Nancy Wechsler, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Hill, P. J., Peña, J. and Meehan, J.

Appointed counsel for defendant Oscar Joe Jimenez asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. Defendant did not respond. Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

## PROCEDURAL SUMMARY

On December 30, 2021, the Fresno County District Attorney filed an information charging defendant with evading a police officer in willful and wanton disregard for the safety of persons and property (Veh. Code, § 2800.2, subd. (a); count 1) and misdemeanor driving with a suspended license after a drunk driving conviction (Veh. Code, § 14601.2, subd. (a); count 2). The information further alleged defendant committed count 1 while out on bail (Pen. Code, § 12022.1),[1] and he had suffered a prior "strike" conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)).

The trial court dismissed count 2 on the prosecution's motion.

On March 8, 2022, the jury convicted defendant of count 1. In a bifurcated proceeding on the previous day, the court found the prior strike allegation true.

At the sentencing hearing on April 6, 2022, the trial court dismissed the on-bail enhancement. The court denied defendant's request to reduce count 1 to a misdemeanor and denied his *Romero*[2] motion to strike the prior strike conviction pursuant to section 1385. The court imposed the midterm of four years on count 1 (two years doubled pursuant to the Three Strikes law). The court granted credits and imposed various fines and fees.

---

[1]     All statutory references are to the Penal Code unless otherwise noted.

[2]     *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

On April 19, 2022, defendant filed a notice of appeal.

## FACTS

By the evening of August 2, 2021, the police had been called to an apartment in Clovis approximately six times during the previous 24 hours over domestic disputes involving defendant and his unwanted presence. A uniformed officer in a marked patrol vehicle had responded to two or three of the calls, but he chose not to initiate a pursuit as defendant left in his vehicle because of the dangers present at the particular time of day.

On August 12, 2021, a team of police detectives were attempting to locate and detain defendant at the apartment complex. The detectives, who were in uniform, were driving two unmarked detective vehicles, which were Honda Accords that had been internally modified with lights, sirens, and radio equipment. The vehicles had "wig-wags," flashing lights that alternated between red and blue, and also a solid red light in the visor as required by law. A siren emanated from the front grill, but was not visible.

The detectives observed and followed defendant's vehicle as it approached the apartment complex. The detectives planned to pin his vehicle in by blocking it with their two vehicles in the parking lot. The first detective's vehicle slowly approached defendant's vehicle head-on at about 10 miles per hour and activated all of his lights. Defendant looked straight at the first detective, "locked eyes," and then suddenly turned and accelerated away before the second detective could block him in from behind. At that point, the first detective activated his siren and pursued defendant. The second detective, also with lights and siren, followed behind the first detective, who could see the lights behind him.

Defendant ran a red light on Willow Avenue and accelerated to about 70 miles per hour. There was no other traffic, so the detectives continued their pursuit. When defendant turned onto another street and slowed to under 30 miles per hour, the second detective attempted to employ a pursuit intervention technique twice, but defendant utilized counter maneuvers and was able to continue driving. His maneuvers suggested

3.

he had been chased before. He continued to run stop signs and lights. He eventually slowed, opened his window, and waved the second detective down. The detective assumed this was a trick to get him to slow down. He pulled up to defendant, lowered his window, and yelled at him to stop. They made eye contact and the detective repeated that defendant needed to stop. The detective believed his uniform's police shoulder patches, including his corporal chevron stripes, were visible to defendant when their windows were down. Defendant did not stop, but then made a U-turn and started to slow. The detective continued telling him he needed to pull over. Defendant moved toward the curb and came to a stop as the detectives blocked his vehicle. They pulled defendant from the vehicle and handcuffed him. A small female passenger, who was fully reclined and had not been visible, was in the passenger seat.

Defendant testified that he and his wife had been arguing. They were in the vehicle together on August 12, 2021, and she was pregnant with his child. At the apartment complex, he heard a Honda Accord screeching, and then the two Honda Accords chased him. He did not notice any lights and he did not really pay attention to the sirens because he was focusing on keeping his pregnant wife safe. He noticed the sirens and lights about midway through the chase when he and his wife called 911. Eventually, while he was being rammed, the dispatcher told him it was the police chasing him and he should pull over. Then he pulled over.

## DISCUSSION

Having undertaken an examination of the entire record, we find no evidence of any arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.